UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. ROHLAND, | : | CIVIL ACTION NO. **1:CV-10-2420** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| M. WENEROWICZ, et. al., | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

The Petitioner, William J. Rohland, filed a Petition for Writ of Habeas Corpus on November 23, 2010, pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed Exhibits and a support Memorandum. (Docs. 3 and 4). Petitioner, proceeding *pro se*, names as Respondents Michael Wenerowicz, Superintendent of State Correctional Institution Graterford ("SCI Graterford") and the Attorney General of the State of Pennsylvania.[1] (Doc. 1). Petitioner paid the filing fee. (Doc. 7).

The Court issued an Order to Show Cause on December 7, 2010, and directed Respondents to answer to the Petition.[2] (Doc. 9). After being granted extensions of time, Respondents filed a Response to the Habeas Petition and a copy of a Pennsylvania Superior court decision on March 8, 2011. (Docs. 37 and 38). On April 21, 2011, Petitioner filed additional exhibits. (Doc. 43).

---

[1] The only proper Respondent in this matter is the person who has custody of the Petitioner, Michael Wenerowicz, Warden of SCI Graterford. *See* 28 U.S.C. § 2242 & §2243. *See also Nunez v. Lindsay*, 2007 WL 706245, *1, n. 1 (M.D. Pa.)("The proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant.").

[2] Also on December 7, 2010, this Court sent Petitioner a *Miller Mason* Notice of Election form to complete. (Doc. 8). *See U.S. v. Miller*, 197 F. 3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000). Petitioner refused to sign the *Miller-Mason* Notice. (Doc. 24).

This Court has jurisdiction over Petitioner's Habeas Petition under 28 U.S.C. § 2241 and § 2254. *See Rainey v. Varner*, 603 F.3d 189, 196 (3d Cir. 2010). On June 9, 2011, we issued a Report and Recommendation recommending that the Petition for a Writ of Habeas Corpus be denied with respect to all claims except for Petitioner's ineffective assistance of trial counsel claim. We also recommended that Petitioner's ineffective assistance of trial counsel claim be dismissed without prejudice. (Doc. 46).

On April 10, 2012, the Court adopted our Report and Recommendation and remanded Petitioner's ground seven claim to us for further consideration. (Doc. 63).

The Court issued an Order on April 16, 2012, and directed Petitioner and Respondents to submit to the Court supplemental briefs addressing Petitioner's ground seven claim. (Doc. 64). On May 2, 2012, Petitioner filed a supplemental brief addressing Petitioner's ground seven claim. (Doc. 66). On May 3, 2012, Respondents filed a supplemental brief addressing Petitioner's ground seven claim. (Doc. 67). Petitioner's ground seven claim is ripe for our review.

**II. Statement of Case.**

Petitioner was charged with two counts of criminal homicide regarding the murder of two individuals on August 15, 2006. (Doc. 37 at 2). *See also Commonwealth v. Rohland*, 1861 MDA 2007 (May 26, 2009). After a jury trial, Petitioner was convicted of two counts of first degree murder. (*Id.*) The Commonwealth sought the death penalty, but the jury deadlocked on whether it should be imposed. (*Id.*) The trial court consequently sentenced Petitioner to two consecutive terms of life imprisonment. (*Id.*)

Petitioner filed a direct appeal to the Superior Court of Pennsylvania, alleging as follows: that the trial court erred when it refused to consider his counsel's motion to withdraw based on an alleged conflict of interest; that the trial court erred in denying his motion to suppress statements to the police; that trial counsel was ineffective for failing to file a motion for a change of venue or venire; that Petitioner was entitled to a new trial based on the Commonwealth's failure to disclose a plea agreement with a witness; and that the evidence was insufficient to

support his convictions. (Doc. 37 at 3). The Superior Court affirmed Petitioner's conviction on May 26, 2009. (Doc. 38).

The Supreme Court denied Petitioner's Petition for Allowance of Appeal on April 27, 2010. (Doc. 1 at 3). Petitioner then filed the instant Petition for a Writ of Habeas Corpus on November 23, 2010.

## III. Habeas Petition Ground Seven Claim.

Petitioner raised multiple claims in support of his Petition for a Writ of Habeas Corpus. The ground seven claim which we are addressing here challenges the fact and the duration of his incarceration and that his continued confinement is in violation of due process. (Doc. 4, p. 23). Petitioner does not challenge his sentence, which he argues is only restitution and costs, but his confinement which Petitioner maintains has no basis. (*Id.*). This claim was presented to the Supreme Court of Pennsylvania which rejected it by Order dated November 1, 2011.

Respondents argue that the Habeas Petition should be denied because his claim alleges at most that the state court's order did not comply with state rules . (Doc. 67 at 2). Respondents further contend that Petitioner is attempting to "bootstrap his state-law claims into a claim that federal due process was violated." (*Id.*). Respondents do not contend that the Petitioner failed to exhaust his state court remedies regarding his ground seven habeas claim.[3] However, it appears from the record that this claim was not presented to the Pennsylvania Superior Court, but that the claim was presented to the Supreme Court of Pennsylvania and denied by Order dated November 1, 2011. (Doc. 66, p. 5, Ex. A). Nonetheless, we will address the merits of Petitioner's claim.

---

[3] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). *Rainey,* 603 F.3d at 198 ("the federal courts may grant a state prisoner's habeas petition only if the Petitioner 'has exhausted the remedies available in the courts of the State.'"

**IV. Standard of Review.**

Review of the Petitioner's claims is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." Rainey*, 603 F.3d at 197; Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (en banc). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Rainey, 603 F.3d at 197; *Williams*, 529 U.S.

at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). "The unreasonable application test is an objective one – a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Rainey*, 603 F.3d at 197 (citing *Jacobs*, 395 F.3d at 100).

**V. Discussion.**

Petitioner contends that the written judgment of sentence in his case signed by the trial judge only references a sentence of restitution and costs. Thus, Petitioner maintains that imprisonment is not part of his sentence as it is not part of the written judgment of sentence and it was never docketed by the clerk. The evidence of record shows that the written sentence was amended from the original document of October 2, 2007 to reflect the two sentences of life imprisonment without parole in a state correctional institute ("SCI"). (Doc. 66, Ex. D). In order to support his contention, Petitioner relies on the Pennsylvania Superior court case of *Commonwealth v. Quinlan*, 433 Pa. Super. 111, 639 A.2d 1235. The Pennsylvania Superior Court in *Quinlan* found that state procedural rules were violated when a sentencing court attempted to modify a sentence after the defendant finished serving the sentence. (*Id*.). The *Quinlan* case involved a five year term of probation to be served after the defendant's prison

sentence which was not included on the original written sentence. (*Id.*). *Quinlan* does not provide a basis for relief for Petitioner's habeas claim. The court in *Quinlan* entered the order for the term of probation on November 29, 1990 and made it retroactive to the original sentencing date of May 20, 1988 which was well outside the thirty (30) day period for modification. Petitioner's written sentence was amended to reflect the life sentences five (5) days after the sentence and within the thirty (30) day period allowed for sentence modification under 42 Pa. C.S.A. § 5505. Furthermore, the sentencing court was clear on the record at the time of sentencing on the imposition of the two life sentences.

Petitioner contends that his state court sentencing violated state rules. Petitioner does not put forth any federal authority in order to support his habeas petition and cannot show that clearly established federal law was contradicted or unreasonably applied. In *McCormick v. Kline*, 572 F.3d 841 (10th. Cir. 2009), the court held that even if the Kansas state court committed errors under state law and even if such errors, if corrected, would have meant that a different classification applied to the defendant's sentencing, "it is simply not our province 'to reexamine state-court determinations on state-law questions,'" *(Id.* at 850*). (*quoting *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)).

> "Such an inquiry ... is no part of a federal court's habeas review of a state conviction ..., [because] 'federal habeas corpus relief does not lie for errors of state law.' " *Id.* at 67 (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)); *see also Thomas v. Gibson,* 218 F.3d 1213, 1222 (10th Cir.2000) ("[Section] 2254 exists to correct violations of the United States Constitution, not errors of state law."); *Miller v. Crouse,* 346 F.2d 301, 304 (10th Cir.1965) ("[T]he writ of habeas corpus cannot be used as a substitute for an appeal[,] and alleged errors in a state court proceeding in exercise of jurisdiction over a case properly before it cannot be reviewed by federal habeas corpus unless there has been a deprivation of constitutional rights such as to render a judgment void or to amount to a denial of due process.").

*McCormick v. Kline*, 572 F.3d 841, 850 (10th. Cir. 2009).

As we discussed above, a district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme

Court of the United States.  28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same). Petitioner has cited no relevant authority to support his claim that he is being held in custody beyond the expiration of his sentence violating his due process rights.  Thus, we recommend that this claim be dismissed.

**VI.  Recommendation**.

> Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** be DENIED with respect to his ground seven claim.

<div style="margin-left:3em">

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

</div>

**Dated: May 16, 2012**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. ROHLAND, | : | CIVIL ACTION NO. **1:CV-10-2420** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| M. WENEROWICZ, et. al., | : | |
| Respondents. | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 16, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                                              **s/ Thomas M. Blewitt**
                                                                                              **THOMAS M. BLEWITT**
                                                                                              **United States Magistrate Judge**

**Dated: May 16, 2012**