# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM ROHLAND,** : | Civil Action No. 1:10-cv-2420 |
| Petitioner, : | |
| : | (Judge Conner) |
| v. : | |
| : | |
| **MICHAEL WENEROWICZ,** : | |
| and **THE PENNSYLVANIA** : | |
| **ATTORNEY GENERAL** : | |
| Defendants : | |

## ORDER

AND NOW, this 31st day of October, 2012, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas M. Blewitt (Doc. 68), recommending that plaintiff's petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 be denied, and, following an independent review of the record and noting that plaintiff filed objections[1] to the report July 26, 2012 (Doc. 71), and the court finding Magistrate Judge Blewitt's analysis to be thorough and well-reasoned, and the court further finding plaintiff's objections to be without merit and squarely addressed by Magistrate Judge Blewitt's report (Doc. 95), in light of the fact Petitioner fails to allege that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

federal law, and specifically because there is no merit whatsoever to his claim that the written judgment of sentence for his conviction of two counts of criminal homicide failed to include a term of imprisonment and included only restitution and costs, as the evidence of record makes clear that the written sentence was amended to reflect a two sentences of life imprisonment without parole within the thirty day period for sentence modification provided under 42 Pa. C.S.A. § 5505 (see Doc. 66, Ex. D), and it appearing that this court previously denied Rohland's petition with respect to all claims except for the "seventh ground" discussed *supra*, and petitioner's ineffective assistance of trial counsel claim, which was dismissed without prejudice pending exhaustion (See Doc. 63), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Blewitt (Doc. 68) is ADOPTED.

2. Rholand's petition for a Writ of Habeas Corpus (Doc. 1) is DENIED.

3. As noted in this court's order of April 12, 2012 (Doc. 63), Rohland's ineffective assistance of trial counsel claim is DISMISSED without prejudice pending exhaustion of state court remedies.

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge